UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VAC Group, LLC, <br><br>            Plaintiff <br><br> v. <br><br> JJ&D Investments LLC, et al., <br><br>            Defendants | Case No. 2:25-cv-00570-CDS-DJA <br><br> **Order Denying Plaintiff's Motion for Default Judgment** <br><br> [ECF No. 12] |

Plaintiff VAC Group, LLC brings this breach of contract case against defendants JJ&D Investment LLC and Jose Andres Lopez. Compl., ECF No. 1. The defendants were served with the summons, complaint, and notice of lis pendens on April 28, 2025, but failed to answer or otherwise respond. *See* Summons, ECF Nos. 6, 7. Under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered default against the defendants on August 8, 2025. Default, ECF No. 11. VAC Group now seeks the entry of default judgment. Mot., ECF No. 12.

The Ninth Circuit looks to seven factors in determining whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool* 782 F.2d 1470, 1472 (9th Cir. 1986). In applying the *Eitel* factors, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Allegations of damages must be proven. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Although VAC Group has provided some proof to support the proposed damages, it does not include any citation to law or a discussion of the *Eitel* factors, which is sufficient cause to deny the motion.[1] *See, e.g., Frenchans LLC v. Vestige LLC*, 2023 U.S. Dist. LEXIS 103810, at *5 (D. Ariz. Jan. 25, 2023) (denying motion for default judgment without prejudice because plaintiff failed to address the *Eitel* factors); *see also Branstetter v. Lorenzo*, 2022 WL 1037198, at *3 (D. Haw. Mar. 14, 2022) (recommendation that plaintiff's motion be denied without prejudice because it failed to cite the *Eitel* factors nor offer any argument as to why those factors justify default judgment).

Further, VAC Group's application seeks $903.00 in costs incurred for filing fees, service of process, and recording fees,[2] but none of these costs are reimbursable through a motion for default judgment. Taxable costs are taxed by the clerk rather than the court. To recover taxable costs, like these, the prevailing party must file a bill of costs with the clerk. Fed. R. Civ. P. 54(d)(1); Local Rule 54-1.

By contrast, on a motion to the court, nontaxable costs may be recoverable along with attorney's fees. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* Local Rule 54-16(b)(2) (A motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15."). Therefore, VAC Group's request for attorney fees is also defective. It seeks $2,505 in fees, but its motion lacks most of the information required under Local Rule 54-14 and *Brunzell v. Golden Gate National Bank*, 455 P.2d. 31, 33 (Nev. 1969). And the "failure to provide the information required by subsections (a) and (b) . . . may be deemed a consent to the denial of the motion." LR 54-14(c).

---

[1] *See also* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").
[2] Recording fees do not appear as a taxable cost under 28 U.S.C. § 1920 and therefore may not be subject to reimbursement.

Conclusion

Based on the deficiencies noted above, IT IS HEREBY ORDERED that VAC Group's motion for entry of default judgment **[ECF No. 12] is DENIED without prejudice**.

Dated: October 9, 2025

_____
Cristina D. Silva
United States District Judge