UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VAC Group, LLC, | Case No. 2:25-cv-00570-CDS-DJA |
| Plaintiff | **Order Granting in Part the Plaintiff's Second Motion for Default Judgment** |
| v. | |
| JJ&D Investments LLC, et al., | [ECF No. 14] |
| Defendants | |

Plaintiff VAC Group, LLC, brings this breach of contract case against defendants JJ&D Investments LLC and Jose Andres Lopez. Compl., ECF No. 1. The defendants were served with the summons, complaint, and notice of lis pendens on April 28, 2025, and May 19, 2025, but failed to file an answer. *See* Summons, ECF Nos. 6, 7. Per Rule 55(a) of the Federal Rules of Civil Procedure (FRCP), the Clerk of Court entered default against the defendants on August 8, 2025. Default, ECF No. 11.

VAC Group initially moved for default judgment on August 29, 2025 (Mot., ECF No. 12), but I denied its motion because it failed to cite any law or discuss the *Eitel* factors, ECF No. 13. I also found that the costs and filing fees, service of process, and recording fees were not recoverable. *Id.* VAC Group filed a second motion for default judgment against JJ&D Investments and Jose Andres on November 1, 2025. Mot. for default, ECF No. 14. Because the motion for default judgment complies with FRCP 55 and is unopposed, I grant the motion in part.

I.       Discussion

FRCP 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
>        (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>        (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and 55(b) provide a two-step process for obtaining a default judgment); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment.").

Here, VAC Group has satisfied both steps under Rule 55. First, VAC Group moved for entry of default against the defendants on July 29, 2025. ECF No. 8. The Clerk of the Court entered default on August 8, 2025. ECF No. 11. Second, VAC Group filed a second motion for default judgment against the defendants on November 1, 2025. ECF No. 14.

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The allegations in the complaint are as follows. Around July 14, 2023, VAC Group lent the defendants $53,000.00, secured by real property at 1905 E. Saint Louis Ave., Las Vegas, NV 89104, as well as a promissory note executed

on the same date. ECF No. 1 at 3. The promissory note was guaranteed by Lopez, and both defendants were to pay the VAC Group $65,700.00 on or before the sale of the Saint Louis property or on January 13, 2024. *Id.* at 3. The Saint Louis property sold, and the January 2024 deadline passed, but the defendants failed to pay VAC Group. *Id.*

Around June 18, 2024, VAC Group and the defendants executed a Joint Venture Agreement ("the Agreement"), which served the purpose of acquiring, selling, and holding property for profit. *Id.* Pursuant to the Agreement, VAC Group paid $57,500.00 towards the purchase of two properties: 4501 S. Woodcrest Rd., Las Vegas, NV 89121, and 4078 E. El Segundo Ave., Las Vegas, NV 89121. *Id.* The defendants were to pay VAC Group a $2,875.00 monthly fee, starting June 18, 2024, with a $150 per-day late fee for any payments more than five days late. *Id.* The defendants were supposed to pay VAC Group $57,500.00 out of the profits before any other profit was to be paid out. *Id.* The Agreement was to be terminated once the Saint Louis property was sold and full payment was made to the parties, or if there was a mutual agreement by the parties. *Id.* The El Segundo property was also sold, but the defendants have not paid VAC Group, and the Agreement has not been terminated. *Id.* at 3–4.

Around October 21, 2024, VAC Group and the defendants entered into a second Joint Venture Agreement ("Second Agreement"). *Id.* at 4. Around October 22, 2024, a second promissory note was executed by the parties in the amount of $69,900.00 plus any fee subject to the Second Agreement. *Id.* The second promissory note was secured by a second lien position on 3212 Gaucho Dr., Las Vegas, NV 89169, and Lopez personally guaranteed the second note. *Id.* The due date of the second note was December 18, 2024. *Id.* at 5.

Pursuant to the Second Agreement, VAC Group paid $69,000.00 towards the purchase of a single property, 3213 Gaucho Dr., Las Vegas, NV 89169. *Id.* at 4. The defendants were supposed to pay the plaintiff a $2,875.00 monthly fee starting on November 18, 2024. *Id.* The defendants agreed to make a $25,000.00 payment, but that payment was not made. *Id.* Rather, only three payments of $1,437.00 were made. *Id.* The defendants agreed to pay VAC Group

$69,500.00 from the profits before any other profits were to be paid. *Id.* The Second Agreement was to terminate upon the sale of Gaucho and full payments to the parties, or upon a mutual agreement by the parties. *Id.*

VAC Group asserts that the defendants breached these agreements. *Id.* at 5. As such, it brings this action. Based on those allegations, VAC Group asserts four claims: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment, and (4) conversion. *Id.* VAC Group now seeks default judgment against the defendants, arguing that the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weigh heavily in favor of granting default judgment.

### A. Factor one: prejudice to VAC Group

VAC Group asserts that it loaned money to the defendants and that the defendants breached the agreements by failing to repay VAC Group. ECF No. 14 at 3. VAC Group argues that, without default, it would be prejudiced in its ability to collect on a valid, outstanding debt. *Id.* at 3–4. I agree. VAC Group served Lopez on April 28, 2025, ECF No. 6, and it served JJ&D on May 19, 2025. ECF No. 7. However, the defendants have failed to appear and defend this action to resolve this dispute. VAC Group will be prejudiced if default judgment is not entered in its favor because it has no other recourse. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Thus, this factor weighs in VAC Group's favor.

### B. Factors two and three: the merits of the claims and sufficiency of the complaint

The second and third *Eitel* factors look at (1) the merits of the plaintiff's substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that the plaintiff "state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. I find that the complaint satisfies this requirement. It establishes a dispute regarding two agreements entered into by the parties. ECF No. 1 at 3, 4. As alleged, VAC Group asserts a breach of contract

claim against the defendants due to their failure to adhere to the terms of the agreements. *See generally id.* So both factors two and three also weigh in favor of granting default judgment.

### C. Factor four: the amount of money at stake

In assessing the fourth *Eitel* factor, I consider "'the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters. Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)); *see also PepsiCo*, 238 F. Supp. 2d at 1176. Here, the VAC Group requests a total judgment of $159.025.00.

While the defaulted defendants have failed to defend against this action, VAC Group is not entitled to the full amount requested, and I therefore decline to award the requested relief in full. First, as addressed in my prior order, the $903.00 sought in costs incurred for filing fees, service of process, and recording fees are not reimbursable through a motion for default judgment. ECF No. 13 at 2. Taxable costs are taxed by the clerk rather than the court, and to recover these costs, VAC Group would need to file a bill of costs with the clerk. *Id.* (citing Fed. R. Civ. P. 54(d)(1); Local Rule 54-1). Given that this is VAC Group's second opportunity to move for default judgment and it did not provide points and authorities to support an award of costs, the court declines to award $903.00 in costs.

Second, VAC Group still seeks to include legal fees[1] in the amount of $4,735.00. ECF No. 14 at 5. The court recognizes that the agreements between the parties had an attorney's fees clause. *See* Pl.'s Ex. 1, ECF No. 14-1 at 4; Pl.'s Ex. 2, 14-2 at 4. However, as previously explained, requests for attorney's fees must comply with the Local Rules. *See* ECF No. 13 at 2 (citing Local Rule 54-16(b)(2) (A motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through

---

[1] The court construes this to be a request for attorney's fees.

54-15.")). VAC Group has not cured this defect. No itemization or declarations were attached to VAC Group's second motion for default judgment. As such, I exclude the $4,735.00 it seeks in attorney's fees.

Consequently, I subtract the above amounts and find that judgment in the amount of $153,387.50 is warranted. ECF No. 14 at 7–8.[2] *See Pritikin Icr LLC v. Apricus Health Mso LLC*, 2024 U.S. Dist. LEXIS 35359, at *10 (D. Ariz. Feb. 28, 2024) (finding that alleged damages of $500,000.00 was proportional to the harm when it was indicative of the amount defendant owed plaintiff but never paid).

### D.   Factor five: the possibility of a dispute concerning material facts

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. As noted above, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Here, VAC Group sufficiently pled its claims, so there is no factual dispute that would preclude entry of judgment. Thus, the fifth factor weighs in favor of granting VAC Group's motion.

### E.   Factor six: the possibility of excusable neglect

"The sixth *Eitel* factor considers whether the defendant's default may have been the product of excusable neglect." *Landstar Ranger*, 725 F. Supp. 2d at 920 (citing *Pepsico*, 238 F. Supp 2d at 1177). This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* The defendants were served. *See* ECF Nos. 6, 7. But, as noted, the defendants have failed to defend against this action. Thus, there is no evidence before me suggesting that the defendants' failure to respond is due to excusable neglect. Accordingly, this factor also weighs in favor of granting VAC Group's motion. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam)

---

[2] *See Goorin Bros., Inc v. GoldStarHat LLC*, 2025 U.S. Dist. LEXIS 166108, at *10 (N.D. Cal. Aug. 26, 2025) (finding that the fourth factor weighed in favor of default judgment when the court awarded relief less than the amount sought and tailored the sum of money to the defendant's misconduct).

(holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

### F. Factor seven: the policy of resolving cases on the merits

The seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although "[c]ases should be decided upon their merits whenever reasonably possible," *id.*, "Rule 55(a) allows a court to decide a case before the merits are heard if [a] defendant fails to appear and defend." *Landstar Ranger*, 725 F. Supp. 2d at 922. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one. While a decision on the merits is desirable, where defendants fail to appear and respond, default judgment is appropriate. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). So, this factor also weighs in favor of entering default judgment.

Almost all *Eitel* factors weigh in favor of the entry of default judgment against defendants Lopez and JJ&D Investments. Accordingly, VAC Group's motion for default judgment is granted in the amount of $153,387.50 against the defendants.

## II.   Conclusion

IT IS HEREBY ORDERED that VAC Group's second motion for entry of default judgment **[ECF No. 14] is GRANTED in part** as set forth in this order.

The Clerk of Court is kindly directed to (1) enter judgment against JJ&D Investments LLC and Jose Andres Lopez in the amount of $153,387.50, and (2) close this case.

Dated: April 21, 2026

_____
Cristina D. Silva
United States District Judge